TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
thatfield@hatfieldlawassociates.com

*Attorney for Plaintiff*

```
✓ FILED          ____ RECEIVED
____ ENTERED     ____ SERVED ON
          COUNSEL/PARTIES OF RECORD

        JUN - 2 2014

     CLERK US DISTRICT COURT
       DISTRICT OF NEVADA
BY: _____ DEPUTY
```

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTINA LUGO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION, a foreign corporation; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO: 2:14CV00852<br><br>**COMPLAINT FOR WRONGFUL TERMINATION**<br>**[JURY TRIAL DEMANDED]** |

COMES NOW, Plaintiff, CHRISTINA LUGO, (hereinafter, "Plaintiff" or "Ms. Lugo"), by and through her counsel, the law firm of Hatfield & Associates, Ltd., and alleges upon information and belief against the above-captioned Defendants as follows:

### PARTIES

1. At all times relevant hereto, Plaintiff, residing in Las Vegas, Clark County, Nevada, was and is an individual residing in the State of Nevada and was employed at BANK OF AMERICA CORPORATION (hereinafter "Defendant").

2. At all times relevant hereto, Defendant was a foreign corporation licensed to and conducting business in the State of Nevada, or is, based upon Plaintiff's information and belief, a corporate entity conducting business on a regular and continuing basis in Clark County. Defendant is engaged in banking, financial and commercial services.

3. All acts which form the basis of this complaint occurred during Plaintiff's employment with Defendant.

4. All of the acts alleged herein and or failures alleged herein were duly performed by and or are attributable to Defendant, acting by and through their agents and employees. Said acts and or failures to act were within the scope of said agency and or employment, and Defendant ratified said acts and or omissions.

5. Defendant regularly employs fifteen or more persons.

6. The true names or capacities, whether individual, corporate, association or otherwise, of Defendants DOES I through X, and ROE CORPORATIONS I through X, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the Defendants designated herein as a DOE and a ROE CORPORATION are responsible in some manner for the events and happenings referred to and caused damages proximately to the Plaintiff as herein alleged. Plaintiff will ask leave of this Court to amend its Complaint to insert the true names and capacities of DOES I through X, and ROE CORPORATIONS I through X, when the same have been ascertained and to join such Defendants in this action.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. The Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory judgments. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

///

8. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, all Defendants reside and/or regularly conduct business and where all the wrongful conduct occurred.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5 as follows:

10. Plaintiff re-applied for an employment position with Defendant on or about November 2, 2009. She was formally denied an employment position with Defendant on or about December 16, 2009. Plaintiff timely filed a formal charge of discrimination with the Equal Employment Opportunity Commission [hereinafter "EEOC"].

11. Plaintiff promptly and diligently accommodated all EEOC requests for information and fully cooperated in the agency's investigation of this matter;

12. Plaintiff has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this civil action, and Ms. Lugo received a Right to Sue from the EEOC on or about March 6, 2014, by mail. *See,* "Notice of Right to Sue," a copy of which is attached hereto as Exhibit 1.

13. Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. Section 1411.

## FACTUAL ALLEGATIONS

14. Plaintiff was hired by a company on or about May, 2005 as a loan officer. Plaintiff's employer was then acquired or merged with Defendant and Plaintiff was employed by Defendant for approximately one year until she was laid off in March, 2009.

///

15. Plaintiff's employment performance was praised by Defendant. Plaintiff was requested to re-apply to her former position in October, 2009 as a Mortgage Loan Coordinator.

16. Upon information and belief and at all relevant times, Defendant employed in excess of fifteen (15) employees for at least twenty (20) calendar weeks from 2009 to the present time, and was further engaged in an industry directly affecting interstate commerce.

17. At all relevant times, all matters regarding compensation, terms, conditions, rights and privileges of Ms. Lugo's employment were governed and controlled by Defendant.

18. On or about December 16, 2009, Plaintiff learned that she would not be rehired due to Defendant's assertion that she had an unsatisfactory result of a criminal background check. Plaintiff is a member of a protected group. Plaintiff is female and is Hispanic.

19. Defendant informed her that it was unable to consider for employment any applicant with a criminal record for certain crimes, despite having employed Plaintiff previously. Defendant used Plaintiff's background as an absolute measure to preclude her from employment with Defendant without providing Plaintiff any opportunity to explain the facts and circumstances of her background. Defendant in fact precluded her from an equal employment opportunity with Defendant without any regard to the nature and gravity of Plaintiff's offense, the time that has passed since the conviction and/or completion of the sentence, and the nature of the job held or sought.

20. Plaintiff filed a Charge of Discrimination with the EEOC alleging that Plaintiff was discriminated against due to her national origin, as a Hispanic, and her sex, female, in that Defendant denied hire in violation of Title VII of the Civil Rights Act of 1964 as amended. Defendant's policy or practice of excluding individuals from employment on the basis of their conviction records had an adverse impact upon her without allowing Plaintiff to provide an explanation in regard to her

criminal record and without Defendant showing any business need for Defendant's refusal to rehire Plaintiff.

21. On or about July 15, 2013, the EEOC provided Plaintiff with a determination that the evidence submitted and reviewed during the course of the investigation instigated by Plaintiff established reasonable cause to believe that Plaintiff was discriminated against based upon her national origin, as a Hispanic, and her sex, female, in that Defendant denied hire in violation of Title VII of the Civil Rights Act of 1964 as amended. *See,* "Determination," a copy of which is attached hereto as Exhibit 2.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**(Discrimination as to Terms and Conditions of Employment and/or Hiring Practices in Violation of Title VII: National Origin, Race, Color and Sex)**

22. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

23. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

24. Defendant's conduct as detailed herein, was in fact illegal.

25. Plaintiff was terminated for his refusal to engage in illegal activity as directed by his employer

26. As a result of Defendant's above-stated actions, Ms. Lugo has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to her as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

///

27. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

28. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

## SECOND CAUSE OF ACTION

### Violation of Nevada Statutory Protections

29. Plaintiff incorporates Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

30. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

31. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

32. NRS § 613.330 makes it unlawful for an employer to discriminate against any employee because of their national origin or sex.

33. Ms. Lugo was discriminated against due to her national origin and sex.

34. As a direct and proximate result of Defendant's violation of N.R.S. § 613.330, Plaintiff has suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem in an amount to be determined at trial. Therefore, Ms. Lugo seeks all legal and equitable remedies available at law.

35. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

///

36. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

## REQUEST AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and damages against Defendant as follows:

1. Enter an injunction ordering Defendant to make Plaintiff whole with full back pay, benefits and reinstatement to a position Ms. Lugo would have obtained in the absence of discrimination or, in the alternative, front pay;

2. An award to Ms. Lugo for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses within this Court's jurisdiction subject to proof;

3. An award to Ms. Lugo for general damages within this Court's jurisdiction subject to proof;

4. An award to Ms. Lugo for exemplary and/or punitive damages.

5. An award to Ms. Lugo for reasonable attorney's fees and costs, including but not limited to expert witness fees, and as provided under state law;

6. An award to Ms. Lugo of interest on any awards at the highest rate allowed by law; and

7. Such other and further relief as this Court deems just and appropriate.

Dated this 1st day of June, 2014.     **HATFIELD & ASSOCIATES, LTD.**

By: /s/ *Trevor J. Hatfield*

Trevor J. Hatfield, Esq. (SBN 7373)
703   South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
*Attorney for Plaintiff*

EEOC Form 161-A (11/09)                    EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| To: | Christina Lugo<br>4813 Virginia Falls Lane<br>Las Vegas, NV 89130 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No | EEOC Representative | Telephone No |
|---|---|---|
| 487-2010-01014 | Kiprono Sigilai, Investigator | (312) 869-8095 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____              3-6-14
John P. Rowe,                              (Date Mailed)
District Director

Enclosures(s)

cc: Yolanda Vera
    Vice President, Global Human Resources
    BANK OF AMERICA
    AZ1-200-14-55
    P.O. Box 29961
    Phoenix, AZ 85038



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2000
Chicago, IL 60661
EEOC National Toll Free: (800) 669-4000
EEOC National TTY: (800) 669-6820
Chicago Direct Dial: (312) 869-8000
Chicago TTY: (312) 869-8001
Enforcement/File Disclosure Fax: (312) 869-8220

EEOC Charge Number: 487-2010-01014

Christina Lugo
4813 Virginia Falls Ln.
Las Vegas, NV 89130                                Charging Party

v.

Bank of America
2275 Corporate Circle
Henderson, NV 89074                                Respondent

Bank of America
900 W. Trade St., 2nd Floor
Charlotte, NC 28255                                Respondent

## DETERMINATION

Under the authority vested in me by the Procedural Regulations of the Equal Employment Opportunity Commission (EEOC), I issue the following determination on the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII).

The Respondents, herein collectively referred to as "Respondent", are employers within the meaning of Title VII, and all requirements for coverage have been met.

The Charging Party alleged that she was discriminated against because of her national origin, Hispanic, and her sex, female, in that she was denied hire by Respondent, in violation of Title VII.

I have determined that the evidence obtained in the investigation establishes reasonable cause to believe that Respondent discriminated against a class of employees, including the Charging Party, because of their national origin, Hispanic, or race, Black, in that Respondent denied them hire, in violation of Title VII.

This determination is final. When the Commission finds that a violation has occurred, it attempts to eliminate unlawful practices by informal methods of conciliation. Therefore, I invite the parties to join with the Commission in reaching a just resolution of this matter. Disclosure of information obtained by the Commission during the conciliation process will be made only in

accordance with the Commission's Procedural Regulations (29 C.F.R. Part 1601.26).

Determination
EEOC Charge Number: 487-2010-01014
Page Two

If the Respondent wishes to accept this invitation to participate in conciliation efforts, it may do so at this time by proposing terms for a conciliation agreement; that proposal should be provided to the Commission representative within 14 days of the date of this determination. The remedies for violations of the statutes we enforce are designed to make the identified victims whole and to provide corrective and preventive relief. These remedies may include, as appropriate, an agreement by the Respondent not to engage in unlawful employment practices, placement of identified victims in positions they would have held but for discriminatory actions, back pay, restoration of lost benefits, injunctive relief, compensatory and/or punitive damages, and notice to employees of the violation and the resolution of the claim.

Should the Respondent have further questions regarding the conciliation process or the conciliation terms it would like to propose, we encourage it to contact the assigned Commission representative. Should there be no response from the Respondent in 14 days, we may conclude that further conciliation efforts would be futile or nonproductive.

On Behalf of the Commission:

7-15-13
Date

John P. Rowe
District Director